I.T.O. CORPORATION OF BALTIMORE, Employer, and Liberty Mutual Insurance Company, Carrier, Petitioners,

v.

BENEFITS REVIEW BOARD, U. S. DEPARTMENT OF LABOR, Respondent,

William T. Adkins, Respondent,

International Longshoremen's Association, Amicus Curiae.

NATIONAL ASSOCIATION OF STEVEDORES and California Stevedore & Ballast Co., Carolina Shipping Company, The Chesapeake Operating Company, Cilco Terminal Co., Inc., John T. Clark & Son of Boston, Bernard S. Costello, Inc., Dixie Stevedores, Inc., Eller & Company, Inc., Global Terminal & Container Services, Inc., Federal Marine Terminals, Inc., Gulf Stevedore Corp., Harrington & Company, Inc., Howland Hook Marine Terminal Corp., Independent Pier Co., International Great Lakes Shipping Co., International Terminal Operating Co., Inc., Lake Charles Stevedores, Inc., Lavino Shipping Co., Luckenbach Steamship Co., Inc., McCabe, Hamilton & Renny Co., Ltd., John W. McGrath Corp., Maher Terminals, Inc., Matson Terminals, Inc., Metropolitan Stevedore Co., Nacirema Operating Co., Inc., New Bedford Stevedoring Corp., Northeast Marine Terminal Co., Inc., Old Dominion Stevedoring Corp., John J. Orr & Son, Inc., Palmetto Shipping & Stevedoring Co., Inc., Pate Stevedoring Co., P. C. Pfeiffer Co., Inc., Pittston Stevedoring Corp., Port Stevedoring Company, Inc., Ryan-Walsh Stevedoring Co., Inc., Shippers Stevedoring Co., T. Smith & Son, Inc., Strachan Shipping Co., Transoceanic Terminal Corp., Universal Maritime Service Corp., Westfall Stevedore Co., Wilmington Shipping Co., Young and Company of Houston, Its member companies, Petitioners,

v.

BENEFITS REVIEW BOARD, U. S. DEPARTMENT OF LABOR, Respondent,

William T. Adkins, Respondent.

Nos. 75–1051 and 75–1088.

United States Court of Appeals, Fourth Circuit.

Submitted July 28, 1977.

Decided Sept. 22, 1977.

David R. Owen, Baltimore, Md. (Francis J. Gorman, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for petitioners in No. 75–1051.

Donald A. Krach, Baltimore, Md. (William C. Stifler, III, Paul B. Lang, Niles, Barton & Wilmer, Baltimore, Md., Thomas D. Wilcox, Washington, D.C., on brief), for petitioners in No. 75–1088.

Linda L. Carroll, Atty., Washington, D.C. (William J. Kilberg, Sol. of Labor, Washington, D.C., Marshall H. Harris, Associate Sol., Philadelphia, Pa., George M. Lilly, Karen L. Gilbert, Attys., U.S. Dept. of Labor, Washington, D.C., on brief), for respondents in No. 75–1051.

Amos I. Meyers, Baltimore, Md. (Terry Paul Meyers, Baltimore, Md., on brief), for respondents in Nos. 75–1051 and 75–1088.

Before HAYNSWORTH, Chief Judge, and WINTER, BUTZNER, RUSSELL, WIDENER and HALL, Circuit Judges, sitting in banc.

PER CURIAM:

We reversed the award made to William T. Adkins under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, as amended in 1972, in *I.T.O. Corp. of Baltimore v. Adkins*, 529 F.2d 1080 (4 Cir.1975), modified in banc, 542 F.2d 903 (4 Cir.1976).* Thereafter, the Supreme Court of the United States granted a writ of certiorari, vacated our judgment

---

* As part of these appeals, we sustained awards to Donald D. Brown and Vernie Lee Harris by an equally divided court. Certiorari in their cases was denied. *Maritime Terminals, Inc. v. Brown*, —— U.S. ——, 97 S.Ct. 2972, 53 L.Ed.2d 1092 (1977).

and remanded the cause "for further consideration in light of *Northeast Marine Terminal Co., Inc. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977)." 432 U.S. ——, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977).

■ Upon reconsideration, we are persuaded that the award to Adkins must be sustained because he satisfied both the status and situs requirements of the 1972 amendments to the Act, as interpreted in *Northeast Marine,* at the time that he was injured. We adhere to our view, however, that the Director, Office of Workers' Compensation Programs, Department of Labor, is not a proper respondent in a petition for review under 33 U.S.C. § 921(c), although upon application and for good cause shown he may be permitted to intervene therein.

*AFFIRMED.*

BUTZNER, Circuit Judge, concurring in part and dissenting in part:

I concur in sustaining the award to Adkins. I believe that the Director, Office of Workers' Compensation Programs, Department of Labor, should be recognized as a party to these proceedings. Therefore, I dissent from that part of the opinion which denies him standing as a respondent. *See I.T.O. Corp. of Baltimore v. Benefits Review Board, etc.,* 542 F.2d 903, 909 (4th Cir.1976) (Craven and Butzner, Circuit Judges, dissenting).